Michael D. Rounds
Nevada Bar No. 4734
Adam K. Yowell
Nevada Bar No. 11748
Ryan J. Cudnik
Nevada Bar No. 12948
WATSON ROUNDS, P.C.
10000 West Charleston Blvd., Suite 240
Las Vegas, Nevada 89135
Telephone: (702) 636-4902
Facsimile: (702) 636-4904

*Attorneys for Plaintiff and Counter-Defendant
Galaxy Gaming, Inc.*

Robert C. Ryan
Nevada Bar No. 7164
HOLLAND & HART, LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179

Bryce K. Kunimoto
Nevada Bar No. 7781
HOLLAND & HART, LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Telephone: (702) 669-4600
Facsimile: (702) 669-4650

*Attorneys for Defendants and Counterclaimants
In Bet Gaming, Inc. and In Bet, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GALAXY GAMING, INC., a Nevada Corporation,<br><br>        Plaintiff and Counterclaim Defendant,<br><br>        v.<br><br>IN BET GAMING, INC., a New Jersey corporation, IN BET, LLC, a Connecticut limited liability company,<br><br>        Defendants and Counterclaimants. | Case No. 2:14-cv-01956-RFB-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

- 1 -

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by the Court.

**Proceedings and Information Governed**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information**

2. For purposes of this Protective Order, (a) the "Confidential Information" designation shall mean that the document is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed.R.Civ.P. 26(c)(7), or other information required by law or agreement to be kept confidential; and (b) the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order shall not apply to, information that is

already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY**

**INFORMATION SUBJECT TO PROTECTIVE ORDER**

4. A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have twenty-one (21) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within such twenty-one (21) calendar day period (during which period, the transcript shall be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less

confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate**

5. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation. The producing party will be responsible for supplying substitute copies of documents that it later designates in accordance with this paragraph.

**Challenge to Designations**

6. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) calendar days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) calendar day timeframe, and after the conference required under Local Rule 26.7, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the

designated information.  Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information**

7.  Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial and appeal of this action. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose.

8.  This Protective Order shall not bar or otherwise restrict outside counsel for a party from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Confidential Information or Confidential Attorney Eyes Only Information if such disclosure would be contrary to this Protective Order.

9.  No party or non-party shall file or submit for filing as part of the Court record any documents under seal without requesting leave of Court pursuant to Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court.

10.  Number and Labeling.  All documents and other materials (including copies) produced in discovery in this litigation shall be given unique production numbers (commonly referred to as "Bates" numbers) by the producing party.  Each producing party shall use a unique production number prefix to identify the producing party as delineated here:

| Prefix: | Producing Party: |
|---|---|
| **INBET** | In Bet Gaming, Inc. and In Bet, LLC |
| **GALX** | Galaxy Gaming, Inc. |

- 5 -

11. Subject to paragraph 15 below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) the parties to the proceeding, and the employees of the parties; (b) counsel of record in this proceeding, the employees of such counsel, outside vendors employed by such counsel for depositions or for purposes of scanning, reproducing, or numbering documents, information, or things, and independent testifying or non-testifying experts or trial consultants retained by such counsel or by the parties in connection with this proceeding; (c) the person producing such materials; (d) the person who is the proprietor or source of such materials; and (e) the Court.

12. Subject to paragraph 15 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel of record in this action, the employees of such counsel, outside vendors employed by such counsel for depositions or for purposes of scanning, reproducing, or numbering documents, information, or things, and independent testifying or non-testifying experts or trial consultants retained by such counsel or by the parties in connection with this proceeding; (b) the person producing such materials; (c) the person who is the proprietor or source of such materials; and (d) the Court.

13. Further, prior to disclosing Confidential Information or Confidential Attorney Eyes Only Information to a receiving party's proposed expert or consultant, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as ***Exhibit A***, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party shall thereafter have fourteen (14) calendar days from receipt of the Confidentiality Agreement to object to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to

object within fourteen (14) calendar days shall constitute approval. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There shall be no disclosure to any proposed individual during the fourteen (14) calendar day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion.

14. Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as ***Exhibit A***.

15. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

 a. the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

 b. the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

 c. counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information**

16. The existence of this Protective Order shall be disclosed to any person producing

documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony.  Any such person may designate documents, tangible things or testimony confidential pursuant to this Protective Order.

**Filing Confidential Documents With the Court**

17. Documents designated Confidential Information and Confidential Attorneys Eyes Only Information, or court papers containing information that has been so designated, shall be filed with the Court in accordance with Local Rule 10-5(b), or such other policies and procedures adopted by the Court and in effect at the time of the filing.

**No Prejudice**

18. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Modification of the Protective Order**

19. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions or protections provided for herein with respect to any particular information or material.

- 8 -

**Conclusion of Litigation**

20. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings**

21. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies**

22. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully preserved.

23. Any party may petition the Court for good cause shown, in the event such party

desires relief from a term or condition of this Order.

Respectfully submitted,

| HOLLAND & HART LLP | WATSON ROUNDS |
|---|---|
| /s/ Robert C. Ryan<br>Robert C. Ryan (7164)<br>5441 Kietzke Lane, Second Floor<br>Reno, Nevada 89511<br>Bryce K. Kunimoto (7781)<br>Ryan Loosvelt (8550)<br>9555 Hillwood Drive, 2nd Floor<br>Las Vegas, Nevada 89134<br><br>Christopher B. Hadley (*pro hac vice*)<br>HOLLAND & HART LLP<br>222 South Main St., Suite 2200<br>Salt Lake City, UT 84101<br>Phone: (801) 799-5873<br>Fax: (801) 618-4238<br>cbhadley@hollandhart.com<br><br>*Attorneys for Defendants and Counterclaimants In Bet Gaming, Inc. and In Bet, LLC* | /s/ Michael D. Rounds<br>Michael D. Rounds (4734)<br>Adam K. Yowell (11748)<br>Ryan J. Cudnik (12948)<br>Steven A. Caloiaro (12344)<br>10000 West Charleston Blvd., Suite 240<br>Las Vegas, Nevada 89135<br><br>*Attorneys for Plaintiff and Counter-Defendant Galaxy Gaming, Inc.* |

**ORDER**

**IT IS SO ORDERED**.

DATED this 24th day of March, 2015.

_____
U.S. MAGISTRATE JUDGE

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GALAXY GAMING, INC., a Nevada Corporation, <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> IN BET GAMING, INC., a New Jersey corporation, IN BET, LLC, a Connecticut limited liability company, <br><br> Defendants and Counterclaimants. | Case No. 2:14-cv-01956-RFB-VCF <br><br> **CONFIDENTIALITY AGREEMENT** |

I hereby affirm that:

1. Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order.

3. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

4. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

5. I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of

this Protective Order and of its binding effect on them and me.

6. I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

DATED this ___ day of _____ , 2015.


BY: _____

7668816_1